980 F.2d 850
 Carl H. ROESCH, Plaintiff-Appellant,
v.
Lila OTAROLA, also known as Lila Calero, also known as Lila
Roesch; Hans Probst; Gliceria Probst; Women's Center of
Greater Danbury, Incorporated; F. Walter Schreiber,
Individually and in his official capacity as police officer
in the Police Department of the Town of Ridgefield,
Connecticut; and Town of Ridgefield, Connecticut,
Defendants-Appellees.
 No. 74, Docket 92-7281.
 United States Court of Appeals,
Second Circuit.
 Argued Sept. 3, 1992.
Decided Nov. 27, 1992.
 
 Jerome Plottner, Forest Hills, N.Y. (Francis Thomas Daley, West Haven, Conn., on the brief), for plaintiff-appellant.
 Geoffrey L. Squitiero, Bridgeport, Conn. (Maher & Murtha, Bridgeport, Conn., on the brief), for defendants-appellees Schreiber and Town of Ridgefield, Conn.
 William M. Bloss, New Haven, Conn. (Jonathan Katz, Jacobs, Grudberg, Belt & Dow, New Haven, Conn., on the brief), for defendant-appellee Otarola.
 Andrew S. Turret, Bridgeport, Conn. (David J. Robertson, Bai, Pollock & Dunnigan, Bridgeport, Conn., on the brief), for defendants-appellees Hans Probst and Gliceria Probst.
 Before: FEINBERG, NEWMAN, and CARDAMONE, Circuit Judges.
 JON O. NEWMAN, Circuit Judge:
 
 
 1
 In Singleton v. City of New York, 632 F.2d 185 (2d Cir.1980), cert. denied, 450 U.S. 920, 101 S.Ct. 1368, 67 L.Ed.2d 347 (1981), we held that a defendant granted an adjournment in contemplation of dismissal under New York law could not maintain a section 1983 action sounding in malicious prosecution. This appeal primarily raises the issues whether Singleton applies to bar (i) a section 1983 malicious prosecution claim by a plaintiff whose criminal case was terminated pursuant to Connecticut's accelerated pretrial rehabilitation program, Conn.Gen.Stat.Ann. § 54-56e (West Supp.1992), or (ii) a section 1983 action sounding in false imprisonment. These issues arise on an appeal by Carl H. Roesch from the January 31 and February 6, 1992, judgments of the District Court for the District of Connecticut (Warren W. Eginton, Judge) granting summary judgment for the defendants in Roesch's suit seeking damages for an arrest without probable cause. We affirm.Facts
 
 
 2
 Roesch filed a section 1983 action against Lila Otarola, his wife; Gliceria Probst, his wife's sister; Hans Probst, his brother-in-law; the Women's Center of Greater Danbury, Inc.; F. Walter Schreiber, a Ridgefield police officer; and the Town of Ridgefield. He claimed that various parties conspired to cause his arrest and incarceration without probable cause. He further claimed that various parties attempted to cause his probation to be revoked. The claim against the Women's Center was dismissed. Judge Eginton granted summary judgment in favor of the other defendants, resulting in separate judgments entered January 31, 1992, and February 6, 1992, from which Roesch appeals.[1]
 
 
 3
 In 1986, Roesch was arrested pursuant to a warrant obtained by Detective Schreiber for breach of peace, harassment, and threatening after the Probsts filed a complaint. Roesch allegedly mailed offensive and harassing post cards to the Probsts and yelled obscenities at them in public. The State Court set bail at $100,000; appellant spent five days in confinement while trying to raise the money. Later, a state judge granted Roesch accelerated pretrial rehabilitation. Roesch was placed under the supervision of probation officer George F. Kain. As a condition of his rehabilitation, he was ordered to undergo psychiatric treatment and to stay away from the Probsts. While Roesch was on probation, his wife filed a complaint with the police and spoke with Kain several times; however, Kain never sought to revoke Roesch's probation. After Roesch successfully completed the two-year probationary period, the State Court dismissed the charges against him.
 
 
 4
 The District Court held, as a matter of law, that appellant could not maintain a section 1983 claim sounding in malicious prosecution, false arrest, or unjust imprisonment because a disposition pursuant to Connecticut's accelerated pretrial rehabilitation statute was not a termination in the appellant's favor. The District Court also found that Roesch had not suffered actionable injury, an element necessary for his claim based on events during the probationary period, because Kain never attempted to revoke his probation. The Court also held that there was no material issue of fact as to whether Schreiber had knowingly and intentionally, or with reckless disregard for the truth, included a false statement in the arrest warrant. Finally, the Court dismissed the conspiracy charge against all defendants; since the officer's actions were not in violation of the Constitution, there was no basis to find a conspiracy under color of state law.
 
 Discussion
 
 5
 We held in Singleton that an "adjournment in contemplation of dismissal" pursuant to N.Y.Crim.Proc.Law § 170.55 (McKinney 1992) does not constitute a termination in favor of the defendant, which is necessary to permit a state court defendant to maintain a section 1983 action sounding in malicious prosecution. 632 F.2d at 193, 195. We reasoned that the New York procedure "leaves open the question of the accused's guilt," and provides a method for those charged (often first offenders) by behaving well and abiding by the judge's instructions during a designated period to demonstrate that the charges should not be pursued. Id. at 193-94. In addition, we noted that should we consider such a program to be a favorable disposition and allow the state court defendant to maintain a civil rights action, the program would be less desirable for the prosecutor because the issue of guilt or innocence would still have to be litigated in the civil context. Id. at 194.
 
 
 6
 The Connecticut program is in all material respects the same as the New York procedure. As in the New York procedure, a court may use the Connecticut program for those defendants without a previous record who the court does not believe will commit a crime in the future. If the accused meets the conditions set by the court, the charges are dismissed, and all records of the charges are erased pursuant to Conn.Gen.Stat.Ann. § 54-142a (West Supp.1992). The few differences between the procedures of the two states are not material to the availability of a section 1983 suit. Under the New York provision, either party or the court can make the motion seeking adjournment, while in Connecticut only the parties can make the motion. New York requires the consent of both sides, while Connecticut does not. In New York, the maximum period of probation is six months, and unless the prosecutor moves to restore the case within that period, the case is automatically dismissed; in Connecticut, the court can set a probationary period of up to two years, and the case is dismissed upon an application by the defendant or the probation office.
 
 
 7
 In contending that the Connecticut procedure constitutes a termination in his favor, appellant simply echoes the arguments made by Judge Weinstein in his Singleton dissent.[2] We are unpersuaded that these previously rejected arguments form a basis for distinguishing the Connecticut provision, and we have no authority to reconsider the holding in Singleton. In Singleton, we expressed our concern that the opposite holding would make prosecutors less likely to consent to adjournments in contemplation of dismissal. This same concern fully applies to the Connecticut program even though the prosecutor's consent is not a prerequisite.[3] If we permit a criminal defendant to maintain a section 1983 action after taking advantage of accelerated rehabilitation, the program, intended to give first-time offenders a second chance, would become less desirable for the State to retain and less desirable for the courts to use because the savings in resources from dismissing the criminal proceeding would be consumed in resolving the constitutional claims.
 
 
 8
 A person who thinks there is not even probable cause to believe he committed the crime with which he is charged must pursue the criminal case to an acquittal or an unqualified dismissal, or else waive his section 1983 claim. Thus, we hold that a dismissal pursuant to the Connecticut accelerated pretrial rehabilitation program is not a termination in favor of the accused for purposes of a civil rights suit. See Konon v. Fornal, 612 F.Supp. 68, 69-72 (D.Conn.1985); see also Lindes v. Sutter, 621 F.Supp. 1197, 1201-02 (D.N.J.1985) (applying Singleton to New Jersey pretrial intervention program); Cissell v. Hanover Insurance Co., 647 F.Supp. 757, 758-59 (E.D.Ky.1986) (applying Singleton to pretrial diversion agreement).
 
 
 9
 Appellant maintains that we should not extend our holding in Singleton to include section 1983 actions sounding in false imprisonment. We are persuaded to reject this contention by Judge Blumenfeld's reasoning in Konon:
 
 
 10
 Having decided that the criminal charge at issue in the state court was not disposed of in a manner favorable to the [appellant], thereby precluding the [appellant] from pressing his malicious prosecution claim in this section 1983 action, it would be anomalous to allow the [appellant] to challenge here the existence of probable cause for his arrest and incarceration for that same criminal charge.
 
 
 11
 612 F.Supp. at 71 (emphasis in original). The policy considerations that motivated the Court in Singleton are equally appropriate in the context of a section 1983 claim sounding in false imprisonment or false arrest.
 
 
 12
 Appellant further contends that even under Singleton he should be permitted to maintain his action, based on the following passage from that opinion:
 
 
 13
 A § 1983 complaint must still allege a wrong to the plaintiff. This requirement is not met by a claim seeking federal review of a state prosecution on grounds of unfairness, absent proof of denial of due process or a finding that the defendant was maliciously prosecuted upon a charge of which he was found not guilty.
 
 
 14
 632 F.2d at 195 (emphasis added). Appellant cites two cases that applied this language to permit a section 1983 action despite an unfavorable termination if the state's actions were so egregious as to violate due process.
 
 
 15
 In Morrison v. Lefevre, 592 F.Supp. 1052 (S.D.N.Y.1984), a prisoner's wife was charged with smuggling contraband. The charges were dismissed under New York law pursuant to section 170.55. The District Court attributed the dismissal to the prosecutor's lack of evidence. Id. at 1069. The section 1983 action went to trial, and there was substantial evidence that the contraband was planted by prison officials. The District Court distinguished Singleton by asserting that its bar applies only to a section 1983 claim sounding in malicious prosecution; the plaintiff could still state a section 1983 claim if the "entire process was unfair and resulted in an essential denial of due process." Id. at 1077. The District Court in Morrison relied on Bradshaw v. Silversmith, 122 Misc.2d 544, 472 N.Y.S.2d 237 (Sup.Ct.1983), which involved a section 1983 plaintiff who had pled guilty to a charge of harboring a dog without a license. The Court denied a summary judgment motion that sought to invoke our holding in Singleton, finding that a plea of guilty to a "minor charge for the sake of expediency" did not preclude the plaintiff from showing that the entire process was unfair and denied her due process. Id. at 551, 472 N.Y.S.2d at 242.
 
 
 16
 We need not decide what violations of due process, not turning solely on lack of probable cause, might permit a section 1983 remedy for state misconduct during the course of a criminal proceeding that did not terminate in favor of the section 1983 plaintiff because, in the instant case, there was no due process violation. A state violates due process when its action " 'offend[s] those canons of decency and fairness which express the notions of justice of English-speaking peoples' ... [and are] 'so rooted in the traditions and conscience of our people as to be ranked as fundamental.' " Rochin v. California, 342 U.S. 165, 169, 72 S.Ct. 205, 208, 96 L.Ed. 183 (1952) (quoting Malinski v. New York, 324 U.S. 401, 416-17, 65 S.Ct. 781, 789, 89 L.Ed. 1029 (1945) (opinion of Frankfurter, J.), and Snyder v. Massachusetts, 291 U.S. 97, 105, 54 S.Ct. 330, 332, 78 L.Ed. 674 (1934)).
 
 
 17
 Appellant objects, in this Court, to Detective Schreiber's inclusion in the warrant application of events that were barred by the statute of limitations; he asserts that these incidents were included to inflame the State Court so it would set an excessively high bail.[4] However the inclusion in an arrest warrant application of conduct for which the accused may no longer be charged because of the statute of limitations does not shock the conscience. The actions of Detective Schreiber did not deprive appellant of due process.
 
 
 18
 Two issues remain. Since Roesch cannot maintain a cause of action under section 1983 against the state officer, the District Judge, in the circumstances of this case, properly dismissed the claims that the non-state participants conspired with the officer to deprive Roesch of his constitutional rights. Finally, we agree with the District Judge that claims related to appellees' actions during probation must fail because Roesch suffered no actionable injury; Roesch indisputably completed his probation without the threat of revocation.
 
 
 19
 The judgments of the District Court are affirmed.
 
 
 
 [1]
 In the absence of certification under Fed.R.Civ.P. 54(b), separate judgments were improperly entered; there should have been one judgment dismissing the complaint against all defendants
 
 
 [2]
 Judge Weinstein argued that section 1983 should be liberally construed, that a defendant would consider this type of dismissal a victory, and that the ruling of the Singleton majority would impose an irrebuttable presumption of guilt and run counter to other state law provisions that contain language considering such a dismissal a favorable termination, see N.Y.Crim.Proc.Law §§ 160.50, 160.60 (McKinney 1992). See Singleton, 632 F.2d at 197-201 (Weinstein, J., dissenting). Since our holding in Singleton, New York has amended section 170.55 to include some of the language contained in the provisions cited by Judge Weinstein
 
 
 [3]
 A state court has declined to apply Singleton to a state law action for malicious prosecution brought by a defendant admitted to the Connecticut program because entry into that program does not require the prosecutor's consent. See Grasso v. Newbury, No. 361369, 1990 WL 271096 (Conn.Super.Ct. Apr. 17, 1990)
 
 
 [4]
 Appellant also asserts that those incidents included in the arrest warrant that were not time barred did not constitute the crimes charged thus rendering Schreiber's belief that probable cause existed unreasonable. These assertions cannot form the basis of an attempt to apply the reasoning of Morrison because they are indistinguishable from the allegations of a section 1983 action sounding in malicious prosecution that Singleton expressly precluded without a termination in favor of appellant