[622 NYS2d 678]

Lynn Hankins, Appellant, v Great Atlantic and Pacific Tea Company, Respondent, et al., Defendant.

First Department, February 9, 1995

## APPEARANCES OF COUNSEL

*Harry Kresky,* New York City, for appellant.

*Ross P. Masler* of counsel, Jericho *(Fiedelman & Hoefling;* and *Jacobowitz, Garfinkel & Lesman,* New York City, attorneys), for respondent.

## OPINION OF THE COURT

KUPFERMAN, J.

Defendant Bradway was a security guard at an A & P supermarket owned by the corporate defendant and located at 123rd Street and Seventh Avenue in New York. On January 21, 1987, Bradway, in his capacity as a security guard, caused plaintiff to be arrested and charged with attempted shoplifting and assault stemming from an incident that Bradway said occurred more than a month earlier on December 6, 1986 at about 10:00 A.M. in the A & P. Specifically, Bradway claimed that after he caught Hankins trying to steal a box of cereal, she hit him with a milk crate, lacerating both of his hands in the process.

Plaintiff was not arrested in the A & P, but on a nearby street corner. Pursuant to the arrest, plaintiff was fingerprinted, subjected to a strip search and a body cavity search and held overnight. A few months later, the Criminal Court granted plaintiff's motion to dismiss the charges against her "in the interest of justice". In support of the motion, plaintiff's attorney explained that plaintiff, a registered nurse at Columbia Presbyterian Hospital, was at work from 8:00 A.M. to 4:30 P.M. on the day the incident allegedly occurred. Plaintiff filed a notice of alibi and included a letter from her supervisor confirming that she was at work on December 6, 1986.

On January 20, 1988, plaintiff commenced the instant action, raising claims of false arrest, unlawful imprisonment, intentional infliction of emotional distress, false words causing special damages, and malicious prosecution.

In May 1993, A & P moved to dismiss the complaint, arguing that plaintiff failed to establish all of the elements of malicious prosecution and that the remaining claims were time barred. With regard to the malicious prosecution claim, A & P argued that plaintiff failed to establish that the

criminal proceeding was terminated in her favor, an essential element of such a claim (*Colon v City of New York*, 60 NY2d 78, 82). A & P, citing, among other cases, *Jackson v County of Nassau* (123 AD2d 834, *lv denied* 69 NY2d 608), submitted that "a dismissal in the interest of justice" does not constitute a resolution favorable to the accused because it is not based on the merits. Notably, however, the moving papers contained the transcript of plaintiff's examination before trial, during which she explained that Bradway had sexually harassed her for months prior to lodging these charges against her. According to plaintiff, whenever she shopped at the A & P, Bradway allegedly pestered her for dates and subjected her to rude comments and gestures when she refused his advances. Bradway's behavior made her so uncomfortable that she was forced to stop shopping at that A & P several months before she was arrested.

With regard to plaintiff's remaining claims, A & P argued that they were barred by a one-year Statute of Limitations because the summons and complaint were not served in this action until February 5, 1988. In opposition, plaintiff argued that the complaint sufficiently established that the criminal proceeding terminated in her favor due to its lack of merit and she pointed out that the motion to dismiss was based on her uncontroverted alibi, i.e., that she was at work at the time of the alleged incident.

Further, plaintiff argued, a claim for malicious prosecution cannot fail merely because the criminal proceeding was dismissed "in the interest of justice"; rather, the court must look beyond that designation and consider the actual basis for the decision (citing, *inter alia, Loeb v Teitelbaum*, 77 AD2d 92, *amended* 80 AD2d 838; *Brown v Town of Henrietta*, 118 Misc 2d 133). To this end, plaintiff requested an order directing that the records of her criminal case be unsealed.

On November 10, 1993, the IAS Court granted A & P's motion in its entirety, finding, *inter alia,* all claims other than that for malicious prosecution were untimely.* In dismissing plaintiff's malicious prosecution claim, the court relied, as have others, upon the statement in *Ryan v New York Tel. Co.* (62 NY2d 494, 504-505) that "[a] dismissal 'in the interest of justice' is neither an acquittal of the charges nor any determi-

---

* On October 6, 1994, the IAS Court granted plaintiff's motion to renew and reargue and restored those causes of action for trial, thus rendering that aspect of plaintiff's appeal moot.

nation of the merits. Rather, it leaves the question of guilt or innocence unanswered [citations omitted]".

In context, however, this quote does not appear to have been intended to establish that, as a matter of law, a dismissal in the interest of justice bars a subsequent claim for malicious prosecution. Further, such an interpretation would lead to an illogical and manifestly unfair result in the instant case. Such a rule would penalize those who are charged falsely as they would be constrained to proceed to trial at some financial, emotional and likely professional expense in order to be found not guilty. Under this interpretation of *Ryan,* the only people who could succeed on a claim for malicious prosecution would be those who, because the arrest was questionable, would proceed to trial and judgment, while those whose arrests were truly and obviously invalid, would have the matter disposed of ipso facto and without litigation.

In any event, a closer reading of *Ryan (supra)* contradicts this application. There, the plaintiff was arrested and then fired from his job after two security guards observed him removing company equipment from the workplace. When Ryan's application for unemployment benefits was denied on the ground that he was discharged due to his own misconduct, he appealed that determination. After a full administrative hearing, during which Ryan was represented by a union representative familiar with such matters, the Administrative Law Judge sustained the finding of misconduct and denied the benefits. That determination was affirmed by the Unemployment Insurance Appeal Board whose decision was, in turn, upheld by the Third Department. During this time, the criminal charges against Ryan were adjourned in contemplation of dismissal, then restored to the Trial Calendar, and ultimately dismissed in the interest of justice upon the People's motion.

Meanwhile, Ryan initiated a civil action alleging claims virtually identical to those raised by plaintiff in the instant case. There, New York Telephone raised the affirmative defenses of res judicata and collateral estoppel on the basis of the prior administrative proceeding.

With regard to the claim for malicious prosecution, the Court of Appeals found that Ryan failed to establish the essential element of a lack of probable cause for instituting the criminal proceeding. The Court held that the finding of the administrative proceeding "is decisive that defendants' investigators * * * had probable cause to bring charges

against him" *(supra,* at 503). *The Ryan Court did not address the element requiring the plaintiff to demonstrate that the criminal proceeding was terminated in his favor.*

Further on in its opinion, the Court addressed Ryan's claim that the administrative determination should not be used collaterally to estop him from raising his current claims because the eventual dismissal of the criminal charges against him rendered that determination unreliable. It was in this context that the Court made the statement now quoted so freely to bar claims for malicious prosecution. In full, the Court stated, "[T]he eventual dismissal of the criminal charges on the motion of the prosecutor 'in the interest of justice' does not constitute an adjudication of the veracity of [Ryan's newly introduced evidence allegedly contradicting the administrative determination] or of Ryan's innocence of the charges. Consequently, it in no way undermines the force and effect of the administrative determination. A dismissal 'in the interest of justice' is neither an acquittal of the charges nor any determination of the merits. Rather, it leaves the question of guilt or innocence unanswered [citations omitted]" *(supra,* at 504-505).

It thus appears that this quote has been misapplied fairly consistently since the *Ryan* case was decided, although this Court has not, to this point, reached the issue directly.

While this Court quoted the pertinent language in *Witcher v Children's Tel. Workshop* (187 AD2d 292, 294), plaintiff's claim for malicious prosecution was not dismissed on that basis. Rather, we relied on the fact that the plaintiff failed to allege any basis for the dismissal and that counsel specifically stated that the dismissal, on speedy trial grounds, did not indicate that plaintiff was innocent of the violations alleged. We thus found that "the dismissal carries with it no implication with respect to the nature of the grounds for the criminal prosecution and therefore does not qualify as a termination favorable to the accused." *(Supra,* at 295.)

Again, more recently, in *Buccieri v Franzreb* (201 AD2d 356), where this Court dismissed a claim for malicious prosecution that followed the dismissal of the underlying criminal charges, the *Ryan* case was not even mentioned, the rationale being that plaintiff's allegation that the criminal complaint was dismissed, without also pleading that it was dismissed on the merits, was insufficient to withstand the motion to dismiss *(supra,* at 358).

Here, in contrast, plaintiff's complaint indicates that the

criminal charges were most likely dismissed on the basis of her uncontroverted alibi. Of course, absent the Criminal Court records, this cannot actually be verified. However, plaintiff acknowledged this problem and requested a court order to unseal her records.

While other departments have recited *Ryan (supra)* to bar claims for malicious prosecution where the underlying criminal proceeding was dismissed in the interest of justice, each case is distinguishable and none involved facts so indicative of favorable termination.

For example, in *Miller v Star* (123 AD2d 750 [2d Dept 1986]), the criminal defendant was initially convicted of harassment, fined and sentenced to a one-year conditional discharge. When a new trial was ordered after appeal, the Criminal Court granted the defendant's motion to dismiss in the interest of justice largely because the retrial would not have occurred until after expiration of the original conditional discharge period. Thus, that dismissal was more in the nature of a procedurally induced gift to the defendant than a determination based on the merits *(see, Halberstadt v New York Life Ins. Co.,* 194 NY 1, 11).

*Jackson v County of Nassau* (123 AD2d 834, *supra* [2d Dept 1986]) contains no indication of the basis for the dismissal of the underlying criminal charges. At the same time, however, the only facts recited are conspicuously devoid of any indication that plaintiff was innocent or that the dismissal might have been something other than a procedural glitch or favor.

Likewise, in *MacLeay v Arden Hill Hosp.* (164 AD2d 228 [3d Dept 1990], *lv denied* 77 NY2d 806) and *Kramer v Herrera* (176 AD2d 1241 [4th Dept 1991]), the Courts applied *Ryan (supra)* without elaboration. In *MacLeay (supra),* the Third Department did note that a dismissal in the interest of justice does not take on any significance if it stems from a motion made by the People instead of by the defendant.

In sum, the widespread reliance on *Ryan (supra)* to preclude absolutely a claim for malicious prosecution following a dismissal in the interest of justice appears faulty and its application to the instant case seems ill-advised. Furthermore, inasmuch as the complaint in this case does allege a basis for the dismissal *(compare, Witcher v Children's Tel. Workshop, supra)* and that basis indicates that the proceeding was terminated in her favor, the order appealed from should be reversed, and the claim reinstated so that plaintiff may demonstrate whether or not the dismissal was indeed on the merits and in her favor.

Accordingly, the order of the Supreme Court, New York County (Helen E. Freedman, J.), entered on or about November 10, 1993, which, for purposes of this appeal, granted defendant A & P's motion to dismiss plaintiff's cause of action for malicious prosecution, should be reversed, on the law, defendant's motion should be denied, such cause of action should be reinstated and plaintiff's request for an order unsealing the file in *People v Hankins* (Crim Ct, NY County, docket No. 7N007257/1987) should be granted, without costs.

ELLERIN, J. P., RUBIN and ASCH, JJ., concur.

Order, Supreme Court, New York County, entered on or about November 10, 1993, which granted respondent's motion to dismiss plaintiff's cause of action for malicious prosecution, reversed, on the law, the motion denied, such cause of action reinstated and plaintiff's request for an order unsealing the file in *People v Hankins* (Crim Ct, NY County, docket No. 7N007257/1987) is granted, without costs.