Henry NOWOSAD, Plaintiff,

v.

Kevin ENGLISH, shield no. 583, individually and as police detective of the Suffolk County, New York Police Department; Sergeant Carparelli, shield no. 742, individually and as a police sergeant of the Suffolk County, New York Police Dept.; Donna Lattanzio, badge no. 4005, individually and as a police officer of the Suffolk county, New York Police Department; Officer Korenski, badge no. 3489, individually and as a police officer of the Suffolk County, New York Police Department; and County of Suffolk, Defendants.

No. CV 94–1069.

United States District Court, E.D. New York.

Oct. 17, 1995.

Arthur V. Graseck Jr., Port Washington, New York, for Plaintiff.

Robert J. Cimino, Suffolk County Attorney by Garrett W. Swenson, Assistant County Attorney, Hauppauge, New York, for Defendants English, Carparelli, Lattanzio, Korenski, and County of Suffolk.

SPATT, District Judge.

This action was commenced by the plaintiff Henry Nowosad ("Nowosad") on March 10, 1994, pursuant to 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution and the common law tort of malicious prosecution. On January 27, 1995, Nowosad moved to amend his complaint and the defendants made cross-motions to dismiss, or in the alternative to deny Nowosad's motion to amend. In an oral decision rendered on the record on February 17, 1995, and followed by a written Order dated February 18, 1995, the Court granted Nowosad's motion to amend the complaint and dismissed the complaint as to the defendant Daniel Burko, without prejudice. Nowosad filed an amended complaint on March 3, 1995. On August 8, 1995, a stipulation of discontinuance with prejudice was filed as to the defendant Daniel Burko.

The remaining defendants, Kevin English, Sergeant Carparelli, Donna Lattanzio, Officer Korenski and Suffolk County moved the Court for an Order dismissing the amended complaint pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief may be granted. The named defendants are sued individually and as members of the Suffolk County Police Department. The County of Suffolk, a municipal corporation, is sued as the employer of the above-named police personnel pursuant to 42 U.S.C. § 1983.

## BACKGROUND

The facts of the case are set forth in the record of oral argument of the parties' motion on February 17, 1995 and will not be repeated at length.

Nowosad, a Suffolk County resident, is a detective with the New York City Transit Authority but was not on duty at the time of the events in this action. The lawsuit arises out of events surrounding Nowosad's arrest for criminally menacing another person with a weapon in October of 1992. Nowosad's Amended Complaint asserts that the police defendants unlawfully arrested him, employed excessive force in dealing with him, illegally strip searched him and maliciously prosecuted him. The County of Suffolk is also named as a defendant for its "condonation of such official misconduct" and the complaint alleges that the County is liable under a respondeat superior theory.

In its February 17, 1995 oral decision, the Court stated that under controlling Second Circuit authority, the plaintiff's underlying criminal charges would not support a Section 1983 claim for malicious prosecution or false arrest because those charges were dismissed in the interest of justice pursuant to N.Y.Crim.Pro.Law § 170.40 and so there was no favorable termination. *See Roesch v. Otarola*, 980 F.2d 850 (2d Cir.1992). The Court granted Nowosad the opportunity to replead facts that would bring his case within the exception to the favorable termination requirement, which provides that where the circumstances surrounding the false arrest are so egregious and offensive to the fundamental traditions and conscience of the English-speaking peoples, that they are actionable as a violation of procedural or substantive due process. *See Roesch*, 980 F.2d at 854. The Court also stated that the facts set forth in the original complaint regarding the circumstances of Nowosad's arrest did not rise to the level of a Fourth Amendment violation. Nowosad was granted leave to replead that claim as well.

The plaintiff argues that the circumstances surrounding his arrest and prosecution by the defendants constitute a violation of his due process rights so that an exception to the favorable termination requirement is justified. Nowosad also contends that the amended complaint demonstrates that one of the two charges lodged against him, namely

a domestic violence charge, was terminated in his favor.

The following is a summary of the amendments to Nowosad's complaint:

(1) With regard to the police officers' conduct during Nowosad's arrest, the amended complaint states that the plaintiff's arm was twisted "behind his back to within inches of his neck," which caused "intense pain," and that the police "roughly patted plaintiff down." It is also alleged that the police spoke harshly to the plaintiff and his friend and that profanities were uttered. The plaintiff alleges that he suffered "pain" and "such physical difficulties as disabling right knee, leg and left arm injuries." The amended complaint alleges that the arrest was without probable cause and was for the purpose of retaliating against the plaintiff for complaining of misconduct by another police officer.

(2) With regard to Nowosad's being taken to the police precinct and detained, the amended complaint alleges that the police had no "legal justification" and "no legal right" for questioning Nowosad about the whereabouts of the car that Burko had been towing. It is also alleged that Nowosad was held for more than 2 and ½ hours before being advised of the charges against him and that he was advised that the police "had not yet decided" what charges would "give the appearance of propriety to the arrest." The amended complaint alleges that the police first advised Nowosad that he would be charged with robbery for taking possession of "his own vehicle" and then advised that he was being charged with menacing with a weapon. It is also alleged that the police made unsuccessful efforts to have "Ms. Nowosad" [presumably the plaintiff's spouse or ex-spouse], who was nearby during the altercation with Burko "falsely declare" that the plaintiff possessed a gun during the incident. Burko's affidavit, which was given to the police at the time of the incident is annexed to the amended complaint, states that he was threatened with "a revolver."

(3) With regard to the allegedly impermissible strip search, the amended complaint alleges that the defendant Korenski made disparaging remarks about the plaintiff, used profanity, "insisted" that the plaintiff remove articles of clothing, and "gave orders, using a harsh tone of voice."

(4) With regard to the "charge" of domestic violence, the amended complaint alleges that this claim was brought solely for the purpose of detaining the plaintiff overnight, because no release would be possible for such a "charge" prior to a court appearance. The amended complaint states that the "domestic violence charge" was dismissed as "baseless" because there was "no blood relationship" between Mr. Burko and plaintiff. The amended complaint also alleges, however, that the conduct of the police "was attributable to a desire to support his wife in a marital dispute as a result of her status as a female." It is apparent from the transcript of the plaintiff's criminal hearing regarding the menacing charge, which is annexed to the amended complaint, that the episode giving rise to this law suit in some way involved a marital dispute over possession of the car that was being towed. The amended complaint alleges that the "domestic violence charge" was made without probable cause, that the only complaining witness, namely Burko, was not related to Nowosad, and that the termination of the "charges" was therefore in the plaintiff's favor.

(5) With regard to the menacing charge, the amended complaint states that the defendants "knew that plaintiff possessed no weapon at any time relevant hereto." This statement is added to the allegation of the original complaint, which stated that the defendants were aware that the plaintiff was a Transit Authority detective and that they believed he was required to carry a black revolver at all times. It is also alleged in the amended complaint that because the defendants "knew" that the plaintiff did not have a revolver, they made no effort to locate the weapon at the plaintiff's house. The amended complaint alleges that the prosecutor relied on false information that the plaintiff possessed a revolver (the opening statement at the hearing is annexed to the complaint) and that

the prosecutor later learned that the plaintiff's service weapon was a "nine millimeter semi-automatic gun," and not a revolver and that he counselled Burko to profess an inability to remember the type of weapon with which he was threatened. The amended complaint refers to annexed testimony of Burko at the plaintiff's trial, where he describes the weapon in question, but does not identify its type as a "revolver."

(6) With regard to the defendant Suffolk County, the amended complaint sets forth a claim of liability based on a respondeat superior theory. The amended complaint also relates that the necessary prerequisites, including filing a notice of claim, to bringing suit against the County were satisfied.

### DISCUSSION

#### A. Standard of review

■ On a motion to dismiss for failure to state a claim, "the court should not dismiss the complaint pursuant to Rule 12(b)(6) unless it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief'". *Goldman v. Belden*, 754 F.2d 1059, 1065 (2d Cir.1985) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)); *see also IUE AFL–CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1052–53 (2d Cir.1993). The Second Circuit stated that in deciding a Rule 12(b)(6) motion a Court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken". *Samuels v. Air Transport Local 504*, 992 F.2d 12, 15 (2d Cir.1993); *see also Rent Stabilization Ass'n of the City of New York v. Dinkins*, 5 F.3d 591, 593–94 (2d Cir.1993) (citing *Samuels*, 992 F.2d at 15).

■ It is not the Court's function to weigh the evidence that might be presented at a trial, the Court must merely determine whether the complaint itself is legally sufficient, *see Goldman*, 754 F.2d at 1067, and in doing so, it is well settled that the court must accept the allegations of the complaint as true, *see LaBounty v. Adler*, 933 F.2d 121,

123 (2d Cir.1991); *Procter & Gamble Co. v. Big Apple Indus. Bldgs, Inc.*, 879 F.2d 10, 14 (2d Cir.1989), *cert. denied*, 493 U.S. 1022, 110 S.Ct. 723, 107 L.Ed.2d 743 (1990), and construe all reasonable inferences in favor of the plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Bankers Trust Co. v. Rhoades*, 859 F.2d 1096, 1099 (2d Cir.1988), *cert. denied*, 490 U.S. 1007, 109 S.Ct. 1642, 104 L.Ed.2d 158 (1989).

■ The Court is mindful that under the modern rules of pleading, a plaintiff need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief", Fed.R.Civ.P. 8(a)(2), and that "[a]ll pleadings shall be so construed as to do substantial justice". Fed.R.Civ.P. 8(f). It is within this framework that the Court addresses the present motion to dismiss.

#### B. Favorable termination

■ As discussed in the Court's prior decision in this action, civil rights claims under Section 1983 do not exist in situations where the underlying criminal charges of the arrest were not dismissed in favor of the accused. *Roesch v. Otarola*, 980 F.2d 850 (2d Cir. 1992). Furthermore, 'termination in the interest of justice' does not provide a favorable termination basis for a Section 1983 claim. *Hygh v. Jacobs*, 961 F.2d 359 (2d Cir.1992).

■ The plaintiff states in a letter to the Court that the Second Circuit *Singer* decision "declared approvingly that *Hankins v. the Great Atlantic and Pacific Tea Co.*, 208 A.D.2d 111, 622 N.Y.S.2d 678 (1st Dept.1995) '... leaves the door open to consider specific facts giving rise to the dismissal in the interest of justice ... [the facts surrounding the dismissal must be assessed to determine whether it] was merit based.'" The Court does not agree with the plaintiff's interpretation. The portion of the *Singer* decision to which the plaintiff refers reads as follows:

'As a matter of law, [a dismissal in the interests of justice] cannot provide the favorable termination required as the basis for a claim of malicious prosecution.' *Hygh v. Jacobs*, 961 F.2d 359, 368 (2d Cir.1992), n. 7. Therefore under the tradi-

tional common law analysis used by this Court in such actions, Singer could not establish one of the elements of his malicious prosecution claim. The district court so concluded, and dismissed that claim. We affirm.

n. 7 Cf. *Pinaud* [*v. County of Suffolk*], 52 F.3d [1139] at 1154, 1155 [2d Cir. 1955] citing the First Department's opinion in *Haskins [Hankins] v. The Great Atlantic & Pacific Tea Co.*, 208 A.D.2d 111, 622 N.Y.S.2d 678 (1st Dep't 1995), which leaves the door open to considering specific facts giving rise to the dismissal in the interest of justice. In *Pinaud*, we viewed the operative circumstances of that case—that the defendant had served his sentence—as militating against a conclusion that the dismissal was merits-based. In any event, this Court has already held that the New York Court of Appeals does not consider a dismissal in the interest of justice to be a favorable termination as a matter of law. *See Hygh*, 961 F.2d at 368. We see no reason to revisit that issue in this case.

*Singer v. Fulton County Sheriff*, 63 F.3d 110, 118 (2nd Cir.1995). In the Court's view this passage does not indicate a change in law regarding the favorable termination requirement for malicious prosecution claims. *See also Johnson v. Bax*, 63 F.3d 154 (2d Cir. 1995) (confirming that favorable termination is also a requirement for a false arrest or false imprisonment claim).

### i. menacing charges

■ The Court finds nothing in the amended complaint that would alter its view that the menacing charges, which were dismissed in the interest of justice under New York Crim.Proc.Law § 170.40, do not form the basis for a Section 1983 claims of false arrest and malicious prosecution.

### ii. "domestic violence charges"

■ The plaintiff argues that because the amended complaint states that the "domestic violence charges" were dismissed because the only complaining witness was not related to the plaintiff, such a dismissal should be construed to be a termination in the plaintiff's favor. The Court disagrees. Other statements in the amended complaint refer to a dispute between the plaintiff and his wife, namely "plaintiffs's right to equal protection was violated because the extra-legal conduct of police was attributable to a desire to support his wife in a marital dispute as a result of her status as a female." The Court questioned the plaintiff's counsel about the "domestic violence charges" at oral argument on February 17, 1995 and also gave the plaintiff an opportunity to amend the complaint by setting forth more facts relating to his arrest and prosecution.

The nature of these "domestic relation charges" is not clarified by the amendments to the complaint. However, an affidavit annexed to the plaintiff's motion papers sheds some light on the subject. The affidavit of the plaintiff's criminal defense counsel Daniel Nieroda, Esq. states that the defendant Kevin English advised him that "at the time of the arrest, Mr. Nowosad did not qualify to be released on bail because the incident [the menacing incident] arose out of a domestic violence incident and that it is the Suffolk County Police Department's policy not to release individuals arrested on incident's [sic] arising out of domestic violence but instead held him over for court for the next morning." Apparently, what the plaintiff characterizes as "domestic violence charges" are not actually criminal charges that would be the subject of an arrest or prosecution. Nieroda's affidavit states that the classification of the incident as a domestic violence incident was eventually changed. Nieroda's affidavit also states that neither Mrs. Nowosad nor any other family member were present during the events surrounding the menacing charge, and that no family member filed a complaint. This statement directly contradicts the amended complaint's allegation that Ms. Nowosad was 10 feet away during the altercation between the plaintiff and Burko.

The plaintiff urges the Court to separately analyze the "domestic violence charges" as forming a basis for the plaintiff's Section 1983 false arrest and malicious prosecution claim. The plaintiff was not arrested under

a domestic violence policy, he was arrested for menacing with a gun.

## C. Substantive Due Process

■ The plaintiff claims that the conduct of the defendants rises to level of a violation of his substantive due process rights, so that an exception to the general rule requiring a favorable termination exists in this case. The *Roesch* Court contemplated a Section 1983 claim being stated where the "entire process was unfair and resulted in an essential denial of due process." *Roesch*, 980 F.2d at 854. A state "violates substantive due process when its action 'offends those canons of decency and fairness which express the notions of justice of English-speaking people' ... [and are] so rooted in the traditions and conscience of our people as to be 'ranked as fundamental.'" *Id.* (citations omitted). The *Albright* case, however, cast doubt even on this exception. In *Albright* the Supreme Court held that a malicious prosecution claim brought under Section 1983 is actionable as a violation of the unreasonable search and seizure provision in the Fourth Amendment, and not as a violation of substantive due process "with its scarce and open-ended guideposts." *Albright v. Oliver*, —— U.S. ——, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994). However, even if the Court were to review the events surrounding the arrest and prosecution under the more liberal *Roesch* exception, the Court could not conclude on the facts stated in the amended complaint that the alleged conduct of the defendants was so egregious and unconscionable as to rise to the level of a substantive due process violation.

## D. Fourth Amendment

### i. excessive force

■ Based on the allegation of the amended complaint that the plaintiff was injured, the Court granted leave to replead the excessive force allegation. The allegations of the amended complaint do not differ materially from the allegations of the original complaint, which stated that the plaintiff was pushed, that his arm was painfully and roughly twisted, and that he suffered such difficulties as a disabling knee injury, arm, shoulder, back and leg injuries causing pain. The amended complaint adds the following: (1) the arm twisting caused intense pain; (2) the arm was twisted to the middle of the plaintiff's back; and (3) harsh words as well as profanities were spoken by the officer.

" 'Not every push or shove' is excessive," *Calamia v. City of New York*, 879 F.2d 1025, 1034 (2d Cir.1989) (quoting *Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)). However, at this point in the litigation, and accepting all of the allegations in the amended complaint as true, the Court cannot state as a matter of law that the plaintiff has not alleged an excessive force claim. Accordingly, the defendant's motion to dismiss this claim is denied.

### ii. the strip search

■ The additional allegations of the amended complaint regarding the strip search do not state a claim under the Fourth Amendment. Strip searches and body cavity searches are not precluded by the Fourth Amendment for misdemeanor arrestees where officials have a reasonable suspicion that a weapon or other contraband is concealed, based on the crime charged, the particular characteristics of the arrestee, and/or the circumstances of the arrest. *Wachtler v. County of Herkimer*, 35 F.3d 77, 81 (2d Cir.1994). The fact that the plaintiff was charged with menacing with a weapon, based on the sworn statement of Daniel Burko, provided the element of reasonable suspicion. A blanket policy of strip searching all arrestees charged with misdemeanors would be prohibited by the Fourth Amendment, however there is no allegation of such a policy here. *See Weber v. Dell*, 804 F.2d 796 (2d Cir.1986), *cert. denied*, 483 U.S. 1020, 107 S.Ct. 3263, 97 L.Ed.2d 762 (1987). The additional allegations of the amended complaint, namely that during the strip search the searching officer spoke harshly, gave orders and used profanity, do not cure the deficiencies of the original complaint.

## E. Probable Cause

■ The plaintiff alleges that his arrest was without probable cause. The Second

Circuit's recent *Singer* decision stated that "there can be no federal civil rights claim for false arrest where the arresting officer had probable cause." *Singer*, 63 F.3d 110 (citing *Bernard v. U.S.*, 25 F.3d 98 (2d Cir.1994)). "An arresting officer advised of a crime by a person who claims to be the victim, and who has signed a complaint or information charging someone with the crime has probable cause to effect an arrest absent circumstances that raise doubts as to the victim's veracity." *Id.* (citations omitted).

Annexed to the amended complaint is the sworn affidavit of Daniel Burko, which describes the incident with the plaintiff and states that the plaintiff threatened him with a gun. Nothing in the amended complaint suggests that the police had reason to doubt Burko's veracity. Under *Singer* these facts satisfy the requirements of probable cause, so that the plaintiff's allegations that probable cause for his arrest was lacking are without merit. In any event, as discussed above, there was not favorable termination on the merits to support this claim. *See Singer, supra*, 63 F.3d 110; *Johnson, supra*, 63 F.3d 154.

### F. Equal Protection

■ The Court finds that the allegation that the "plaintiff's right to equal protection was violated because the extra-legal conduct of police was attributable to a desire to support his wife in a marital dispute as a result of her status as a female" is conclusory, not supported by facts and fails to state an equal protection claim upon which relief may be granted. Furthermore, as discussed above, the requirement of a favorable termination on the merits is lacking. *See Singer, supra*, 63 F.3d 110; *Johnson, supra*, 63 F.3d 154.

### G. The First Amendment

■ The plaintiff also argues that the Second Circuit's decision in *Johnson v. Bax*, 63 F.3d 154 (2d Cir.1995) requires the Court to analyze this case for violations of the First Amendment. In *Johnson*, the plaintiff was arrested and incarcerated for two days for demonstrating and carrying signs in a certain area near a location where President Clinton was to speak. Johnson sought relief for interference with his First Amendment rights, but "the district court construed the [*pro se*] complaint to allege only causes of action for false arrest and false imprisonment, omitting consideration of Johnson's claim that the violation of his First Amendment rights entitled him to relief." *Johnson*, 63 F.3d at 157. The district court granted summary judgment to the defendants because the charges against the plaintiff were 'adjourned in contemplation of dismissal.' *Id.* The Second Circuit found that the plaintiff's complaint alleged impairment of First Amendment rights "in numerous respects" so that an assessment of the merits of that claim was required irrespective of the dismissal of the claims for false arrest and false imprisonment. *Id.*

Nowosad asserts that the following paragraph of the amended complaint constitutes a First Amendment claim:

Plaintiff, while experiencing intense pain in the area of his left arm, made inquiry as to what was going on and Sergeant Carparelli reacted by declaring: "Getting even mother-fucker—we'll figure it out later;" this was reference to plaintiff's conduct in complaining of misconduct of A First County Precinct officer with the result that the latter was reprimanded.

Amended Compl. ¶ 20. The Court does not agree that this paragraph states a cognizable First Amendment cause of action, nor that this case is analogous to the *Johnson* case. Unlike the complaint in *Johnson* which apparently alleged numerous First Amendment violations, neither Nowosad's original complaint nor the amended complaint make any mention of the First Amendment.

Based on the foregoing, the Court finds that the amended complaint fails to state a cause of action under 42 U.S.C. § 1983 or the Constitution upon which relief may be granted, except for the Section 1983 excessive force claim. The state common law malicious prosecution claim is also barred by the absence of a favorable termination. Accordingly, the amended complaint, except for the federal excessive force claim, is dismissed pursuant to Fed.R.Civ.P. 12(b)(6). Because of the plaintiff's failure to cure the deficien-

cies of the complaint in this amendment, leave to further replead is denied.

### H. Sanctions

The Court previously cautioned the plaintiff that making only minor changes in the complaint, which prompt a second motion to dismiss, could be regarded by the Court as a frivolous filing in violation of Fed.R.Civ.P. 11.

The defendants move the Court for an order awarding the excess costs, expenses and attorneys fees incurred on this motion, pursuant to 28 U.S.C. § 1927, which provides that an attorney who "multiplies the proceedings in any case unreasonably and vexatiously" may be held personally liable for such costs. The Second Circuit has advised that this statute "should be construed narrowly and with great caution," so as not to "stifle the enthusiasm or chill the creativity that is the very lifeblood of the law." *Mone v. C.I.R.*, 774 F.2d 570 (2d Cir.1985). With this guidance, the Court declines to impose such sanctions on Mr. Graseck.

### *CONCLUSION*

Based on the foregoing, it is hereby

**ORDERED,** that the defendants' motion to dismiss the complaint pursuant to Fed. R.Civ.P. 12(b)(6) is granted to the extent that all claims except for the claim under 42 U.S.C. § 1983 for excessive force are dismissed; and it is further

**ORDERED,** that the defendants' motion for an award of excess costs, expenses and attorneys fees pursuant to 28 U.S.C. § 1927 is denied.

**SO ORDERED.**